IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00151-PAB
Civil Action No. 16-cv-01304-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GREGORY LOZADO,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on defendant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Docket No. 131]. Mr. Lozado challenges his sentence in this case pursuant to the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On November 20, 2013, Mr. Lozado was convicted at trial of one count of possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Docket No. 78. The Court determined that Mr. Lozado had a base offense level of 24 under U.S.S.G. § 2K2.1(a)(1). Docket No. 85 at 7. The Court also found that the defendant was an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA") based on at least three previous felony convictions under Colorado law for crimes of violence, to wit, Second Degree Assault – Deadly Weapon, Robbery, Second Degree Burglary of a Building, Felony Menacing, and Theft From a

Person.[1]  *Id*.  The Court determined that the defendant was in Criminal History Category IV.  As a result, the guideline range was 235 to 293 months imprisonment.  Mr. Lozado did not object to the calculation of his guideline range or to the Probation Department's conclusion that he had three convictions for crimes of violence.  The Court sentenced Mr. Lozado to 235 months imprisonment on March 12, 2014.  Docket No. 92.  Mr. Lozado appealed his conviction, but not the calculation of the sentence.  Docket No. 128 at 2.  The court of appeals affirmed his conviction.  *Id*.

Mr. Lozado claims that, given the invalidation of the residual clause in § 924(e)(2)(B) in *Johnson*, only one of his five previous felony convictions under Colorado law can be considered a "crime of violence" and, as a result, the ACCA does not apply and his statutory maximum sentence would have been 120 months imprisonment.  Docket No. 131 at 1-2.

The United States opposes Mr. Lozado's § 2255 petition.

## I. ANALYSIS

The United States argues that there is no *Johnson* error because Mr. Lozado has three felony convictions that are "crimes of violence" under the "elements" clause of § 924(e)(2)(B).

The United States concedes that Mr. Lozado's convictions for Theft from a Person and Second Degree Burglary of a Building do not qualify as "crimes of violence."  *See* Docket No. 134 at 5; Docket No. 136 at 2.  Mr. Lozado concedes that Felony Menacing qualifies as a crime of violence.  *See* Docket No. 131 at 2.  Thus, the

---

[1] Mr. Lozado was sentenced under the 2013 Guidelines Manual.  All citations to the Guidelines are to this version.

remaining issues are whether Mr. Lozado's convictions for Second Degree Assault – Deadly Weapon and Robbery are crimes of violence under Colorado law.

### A. Second Degree Assault – Deadly Weapon

In 1997, Mr. Lozado was convicted of Second Degree Assault – Deadly Weapon. Docket No. 96 at 8-9. As relevant here, a person "commits the crime of assault in the second degree if . . . (b) [w]ith intent to cause bodily injury to another person, he or she causes such injury to any person by means of a deadly weapon; or . . . (d) [h]e recklessly causes serious bodily injury to another person by means of a deadly weapon." Colo. Rev. Stat. § 18-3-203(1).[2]

Mr. Lozado first argues that this offense cannot be a crime of violence because it can be committed "recklessly." *See* Docket No. 131 at 5 (citing Colo. Rev. Stat. § 18-3-203(1)(d)). Mr. Lozado relies on *United States v. Zuniga-Soto*, 527 F.3d 1110 (10th Cir. 2008), for the proposition that an offense that can be committed recklessly does not involve the actual, attempted, or threatened use of force. *See id*. (citing *Zuniga-Soto*, 527 F.3d at 1124). However, *Zuniga-Soto* no longer reflects the law on this issue. *See United States v. Bettcher*, 911 F.3d 1040, 1045 (10th Cir. 2018). In *Voisine v. United States*, 136 S. Ct. 2272 (2016), the Supreme Court concluded that a "use" of physical

---

[2] The government attaches documents from Mr. Lozado's state case indicating that defendant pled guilty under § 18-3-203(1)(b), which does not include reckless conduct. *See* Docket No. 134 at 10. The government argues that it is appropriate to consider these documents under the "modified categorical approach." *See id*. at 7-8. "[T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute [and] thus acts not as an exception, but instead as a tool." *Descamps v. United States*, 570 U.S. 254, 263 (2013). The Court concludes that it is not necessary to apply the modified approach in order to resolve this motion and therefore does not consider the attached sentencing documents.

force can be satisfied by a mens rea of recklessness, rather than just purpose or knowledge. See *Voisine*, 136 S. Ct. at 2278-80. The Tenth Circuit has applied *Voisine* in the ACCA context, holding that "a statute requiring proof only that the defendant acted willfully and with reckless disregard for the risk posed by that act to another person may categorically involve the use of physical force." See *United States v. Pam*, 867 F.3d 1191, 1208 (10th Cir. 2017). And the *Bettcher* court explicitly concluded that *Voisine* "overrides [the Tenth Circuit's] contrary precedents classifying reckless harm with negligent or accidental harm". See *Bettcher*, 911 F.3d at 1046 ("*Voisine* proved *Zuniga-Soto*'s interpretation of *Leocal* [*v. Ashcroft*, 543 U.S. 1 (2004),] wrong"). Thus, even though Mr. Lozado could be convicted of Second Degree Assault – Deadly Weapon as a result of reckless conduct, reckless conduct or mens rea is not inconsistent with the use of physical force. Mr. Lozado's first argument therefore fails.

Mr. Lozado next argues that "bodily injury" under the Colorado statute could include impairment of a mental condition. See Docket No. 131 at 5 (citing Colo. Rev. Stat. §§ 18-3-203(b) and 18-1-901(c)). Mr. Lozado claims that "emotional distress is not the equivalent of the use of physical force." See *id*. (citing *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1084 (9th Cir. 2007)). However, *Malta-Espinoza* arose in the context of the definition of a "crime of violence" in 18 U.S.C. § 16(b), and has not been extended to the § 924(e) context by the Ninth Circuit post-*Johnson*. *Cf. United States v. Werle*, 877 F.3d 879, 883-84 (9th Cir. 2017) (holding that *Malta-Espinoza* does not apply to the force clause in § 4B1.2(a)(1) of the U.S. Sentencing Guidelines). Defendant cites no case suggesting in this context that physical force that causes bodily

4

injury, defined by the statute as mental impairment, does not meet the force requirement of *Johnson*. Even if Mr. Lozado were convicted based on causing a "mental disturbance or impairment," that bodily injury would necessarily require the use of physical force. Thus, Mr. Lozado's second argument also fails.

Finally, Mr. Lozado argues that a person may be convicted of second-degree assault through the use of non-physical force because one can cause bodily injury without the application of physical force. *See* Docket No. 131 at 6 (citing *United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1194 (10th Cir. 2008)). In *Rodriguez-Enriquez*, the Tenth Circuit stated that ACCA physical force required "mechanical impact" as opposed to, for example, poison. *See Rodriguez-Enriquez*, 518 F.3d at 1194. However, in *United States v. Castleman*, 572 U.S. 157 (2014), the Supreme Court concluded that "[i]t is impossible to cause bodily injury without applying force in the common-law sense." *See id.* at 170. The Court specifically rejected the notion that poison was not a use of force, noting that the "use of force [in poisoning] is not the act of sprinkling the poison; it is the act of employing poison knowingly as a device to cause physical harm." *See id.* at 171 (internal quotations and brackets removed). The Tenth Circuit subsequently held that, in light of *Castleman*, the logic of *Rodriguez-Enriquez* is "no longer viable." *See United States v. Ontiveros*, 875 F.3d 533, 536 (10th Cir. 2017) (holding that, under Colorado law, second-degree assault qualifies as a crime of violence). Accordingly, Mr. Lozano's third argument fails, and his conviction for Second Degree Assault – Deadly Weapon qualifies as a "violent felony" for purposes of the ACCA.

5

### B. Robbery

Mr. Lozado also argues that his robbery conviction does not qualify as a violent felony under the ACCA's elements clause because (1) Colorado robbery does not require "violence"; (2) Colorado robbery may be committed by threatening property; and (3) Colorado robbery may be committed by "intimidation." Docket No. 131 at 10-13. In Colorado, "[a] person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery." Colo. Rev. Stat. § 18-4-301(1). The Tenth Circuit has held that, under Colorado Supreme Court precedent, "robbery in Colorado has as an element the use or threatened use of physical force against another person." *See United States v. Harris*, 844 F.3d 1260, 1270 (10th Cir. 2017). As a result, "robbery in Colorado is a violent felony under the ACCA's elements clause." *See id*. The *Harris* court explicitly rejected all three arguments made by Mr. Lozado in this case. *See id.* at 1268 (concluding that "robbery by 'force' in Colorado categorically matches the definition of 'physical force'" required for the ACCA); 1269 (concluding that robbery by threats or intimidation in Colorado involves the use of "force or violence"); *and* 1270 (concluding that threats against property cannot support a robbery conviction in Colorado). The Court has not found any cases that suggest that Colorado law regarding robbery has changed since *Harris* was decided. Accordingly, Mr. Lozado's robbery conviction qualifies as a violent felony for purposes of the ACCA.

### C. Certificate of Appealability

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny

6

a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Mr. Lozado has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

## II. CONCLUSION

Mr. Lozado's convictions for Felony Menacing, Second Degree Assault – Deadly Weapon, and Robbery all qualify as "violent felonies" within the meaning of the ACCA. Accordingly, the Court did not err in sentencing Mr. Lozado as an armed career criminal under 18 U.S.C. § 924(e). It is therefore

**ORDERED** that defendant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Docket No. 131] is **DENIED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**. It is further

**ORDERED** that defendant's Motion to Appoint Counsel [Docket No. 130] is **DENIED AS MOOT**.

DATED May 3, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge